# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMIE LOPEZ, ARNOLD DANIELS, WILLIE McKENZIE and HILBERT GRESHAM, | : | |
| | : | |
| Plaintiffs, | : | |
| vs. | : | Civil Action No.: 05-5323 (JAG) |
| CITY OF IRVINGTON, IRVINGTON POLICE DEPARTMENT, ALFREDO ALEMAN, individually and in his capacity as a Police Officer in the City of Irvington, MALIK SIMS, individually and in this capacity as a Police Officer with the City of Irvington, CHRISTOPHER BURRELL, individually and in his capacity as a Police Office with the City of Irvington, John Does (1-20) individually and in their capacity as Police Officers with the City of Irvington, | :  :  :  :  :  : | **NOTICE OF MOTION TO SEVER THE TRIAL OF THE VARIOUS PLAINTIFFS** |
| Defendants. | : | |

TO:   Honorable Joseph A. Greenaway          Robert B. Woodruff, Esq.
      U.S. Post Office and Courthouse Building   Algeier Woodruff, FF, P.C.
      Room 411                                 60 Washington Street
      Newark, New Jersey 07102                 Morristown, New Jersey 07960

**PLEASE TAKE NOTICE** that on March 4, 2008 or as soon as counsel may heard, the

undersigned will apply before the United States District Court, U.S. Post Office and

Courthouse Building, Room 401, Newark, New Jersey for an Order Granting defendants

motion to sever the trial of the Plaintiffs into separate trials.

**TAKE FURTHER NOTICE** that in support of this Motion, the undersigned shall rely

upon the annexed Certification Statement of Facts and Brief.

**PLEASE TAKE FURTHER NOTICE** that the undersigned requests oral argument. A

proposed form of Order is annexed hereto.

<div style="margin-left: 40%;">

CHILDRESS & JACKSON, LLC
Attorneys for Defendant, Township of Irvington

BY: _____
      LOUIS W. CHILDRESS, JR.

</div>

DATED: January 23, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAMIE LOPEZ, ARNOLD DANIELS, WILLIE McKENZIE and HILBERT GRESHAM, | : | |
| | : | |
| Plaintiffs, | | |
| vs. | : | Civil Action No.: 05-5323 (JAG) |
| CITY OF IRVINGTON, IRVINGTON POLICE DEPARTMENT, ALFREDO ALEMAN, individually and in his capacity as a Police Officer in the City of Irvington, MALIK SIMS, individually and in this capacity as a Police Officer with the City of Irvington, CHRISTOPHER BURRELL, individually and in his capacity as a Police Office with the City of Irvington, John Does (1-20) individually and in their capacity as Police Officers with the City of Irvington, | : : : : : : | **CERTIFICATION OF LOUIS W. CHILDRESS, JR.** |
| Defendants. | : | |
| | : | |

I, LOUIS W. CHILDRESS, JR., hereby certifies as follows:

1.     I am a member of the law firm of CHILDRESS & JACKSON, LLC, attorneys for Defendants, Township of Irvington, Irvington Police Department, Alfredo Aleman and Christopher Burrell.

2.     Defendants hereby respectfully request oral argument in the above matter in furtherance of their motion to sever the trial of the various plaintiffs on such date and time as is scheduled by the court before the Honorable Joseph A. Greenaway, Jr.

3.     The facts contained herein are true to the best of my knowledge, information and belief.

CHILDRESS & JACKSON, LLC
Attorneys for Defendant, Township of Irvington

BY: _____
     LOUIS W. CHILDRESS, JR.

DATED:  January 23, 2008

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JAMIE LOPEZ, ARNOLD DANIELS, WILLIE           :
McKENZIE and HILBERT GRESHAM,

                               :

                   Plaintiffs,

vs.                                           :          Civil Action No.: 05-5323 (JAG)

CITY OF IRVINGTON, IRVINGTON POLICE           :
DEPARTMENT, ALFREDO ALEMAN,
individually and in his capacity as a Police Officer  :
in the City of Irvington, MALIK SIMS, individually
and in this capacity as a Police Officer with the City :
of Irvington, CHRISTOPHER BURRELL,
individually and in his capacity as a Police Office   :
with the City of Irvington, John Does (1-20)
individually and in their capacity as Police Officers :
with the City of Irvington,

                               :

                   Defendants.

                               :

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE

> CHILDRESS & JACKSON, LLC
> 280 South Harrison Street, Suite 200
> East Orange, New Jersey 07018
> (973) 678-5038
> Attorneys for Defendants

On The Brief:
       LOUIS W. CHILDRESS, JR.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      POINT I
      PLAINTIFFS CLAIMS SHOULD BE SEVERED
      BECAUSE THEY ARISE OUT OF DISTINCT
      TRANSACTIONS WHICH REQUIRE INDIVIDUAL
      EVALUATIONS AS TO LIABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


      POINT II
      THE CLAIMS ALLEGED DO NOT ARISE OUT OF
      THE SAME TRANSACTION OR OCCURRENCE
      AND DO NOT PRESENT FACTS COMMON TO ALL
      PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATEMENT OF FACTS

The plaintiffs, Jamie Lopez, Arnold Daniels, Willie McKenzie and Hilbert Gresham were apprehended by Township of Irvington Police assisted by its Canine Unit during the commission of burglaries and other crimes. Each of the plaintiffs were arrested and subsequently plead guilty or were found guilty by a jury for the crimes which led them to file this lawsuit.

Plaintiffs claim the Township's canine, "Bullet", was released and set upon them after apprehension. The plaintiffs and each of them claim that the Township and or its police created a pattern and practice with Bullet, which resulted in personal injuries and infringed upon their constitutional rights.

Although Bullet was the assisting canine in connection with the arrest of each of the plaintiffs, each has his own story and each story involves a number of different witnesses, documents and evidence . To wit:

    a)    In the Lopez matter, the witnesses to be called are Police Officer W. Diogene, Fernando Cacolia, Sgt. Healy, Sgt. Burghardt, Officer Darrell Love, Officer C. Burrell and Police Officer Alfredo Aleman.

    b)    In the Daniels matter, the witnesses to be called are Sgt. Tavarez, Officer Alfredo Aleman, Officer C. Burrell, Officer Adbul Williams, Pauline Ford, Elliott Aaron and Richard Williams.

    c)    In the McKenzie matter, the witnessed to be called are Officer Young, Officer Malik Simms, Office C. Burrell, Officer Alfredo Aleman and Sgt. Burghardt.

d)    In the Gresham matter, the witnesses to be called are Officer Darrell Love, Officer Kelly, Officer Alfredo Aleman and Sgt. Burghardt.

Although each of the plaintiffs allege they were perniciously bitten by Bullet while being arrested for their crimes the matters should be severed and independently tried because of the extreme prejudice to the defendants and because plaintiffs' claims do not arise out of the same transaction or occurrence.

## <u>POINT I</u>

**PLAINTIFFS CLAIMS SHOULD BE SEVERED BECAUSE THEY CLAIMS ARISE OUT OF DISTINCT TRANSACTIONS, WHICH REQUIRE INDIVIDUAL EVALUATIONS AS TO LIABILITY**

Rule 20(a) of the Fed. Rules of Civil Procedure provides that "all persons may join in one action if they assert a right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Even when the factual issues overlap, a court may sever claims under Rule 21 if failure to do so would confuse the jury or prejudice the parties. <u>Grigsby v. Kane,</u> 250 F. Supp. 453, (M.D., P.A. 2003).

Defendants will be seriously prejudiced by the fact that each of the plaintiff's will not be subject to sequestration thus restricting and otherwise harnessing efforts to prevent them from parroting each other's testimony. Concern for convenience and economy of time in ruling on a motion to sever actions should not override consideration of prejudice which might result from denial of a severance and foreclosure of cross-examination. (Federal Rules of Civil Procedure, Rule 18 citing <u>Hagans v. Ellerman & Bucknall S.S., Co., (PA)</u>, 1963, 318 F.2d 563.

## POINT II

### THE CLAIMS ALLEGED DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE AND DO NOT PRESENT FACTS COMMON TO ALL OF THE PLAINTIFFS

Fed. R. Of Civil Proc. 20(s) provides that "all persons may join in one action as plaintiff's if they asserting right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

The evidence regarding the individual claims of each plaintiff is different and distinct. In the Lopez matter, the evidence involved in his claim will include testimony regarding the facts which gave rise to his arrest. Sgt. Burkhardt of the Township Police and the Easy Pickins Department Store Manager, Fernando Cacoila who were witnesses at the scene the date of Lopez was arrested and will testify as to Lopez conduct on the date of his arrest. In addition to Officer Alfredo Aleman, Police Officers W. Diogene, Sgt. Healy, Officer Darrell Love and Officer C. Burrell will be called as witnesses.

Except for Officer Aleman the arrest of the other plaintiff include a different cadre' of officers. Clearly the factual predicate surrounding each apprehensive and arrest do not arise out of the same transaction or occurrence. They were arrested on different days at different locations by different officers.

-4-

Federal Courts have the power either sua sponte or by motion to sever a claim

under Rule 21 of the Federal Rules of Civil Procedure in the interest of justice. <u>Weaver v.</u>

<u>Mobile Diagnostech Slip Copy</u>, 2006 WL 1670206 (W.D.P.A.).

Based upon the foregoing defendants urge the court to grant their motion to sever.

## CONCLUSION

For the foregoing reasons we urge this Honorable Court to grant defendants' motion

to sever.

CHILDRESS & JACKSON, LLC
Attorney for Defendants, Township of Irvington

BY: _____
       LOUIS W. CHILDRESS, JR.

DATED: January 23, 2008

-6-

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JAMIE LOPEZ, ARNOLD DANIELS, WILLIE       :
McKENZIE and HILBERT GRESHAM,

                                          :

             Plaintiffs,

vs.                                       :       Civil Action No.: 05-5323 (JAG)

CITY OF IRVINGTON, IRVINGTON POLICE       :
DEPARTMENT, ALFREDO ALEMAN,
individually and in his capacity as a Police Officer  :
in the City of Irvington, MALIK SIMS, individually
and in this capacity as a Police Officer with the City :      **ORDER**
of Irvington, CHRISTOPHER BURRELL,
individually and in his capacity as a Police Office    :
with the City of Irvington, John Does (1-20)
individually and in their capacity as Police Officers :
with the City of Irvington,

                                          :

             Defendants.

                                          :

The above entitled cause having come before the Court of the motion to sever made

by the attorney for the defendants and the court having considered the motion,

NOW THEREFORE, IT IS on this        day of          ; 2008

ORDER that the motion to sever the trial into separate trials shall be and is hereby

granted; and it is

FURTHER ORDERED, that a copy of the within Order shall be served upon counsel

for plaintiff within        days of the date of the entry of the within Order.


                              _____
                              JOSEPH A. GREENAWAY,      U.S.D.J.