**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JAIME LOPEZ, ARNOLD DANIELS, WILLIE McKENZIE and HILBERT GRESHAM,

      Plaintiffs,

      v.

CITY OF IRVINGTON, IRVINGTON POLICE DEPARTMENT, ALFREDO ALEMAN, individually and in his capacity as a police officer with the City of Irvington, MALIK SIMS, individually and in his capacity as a police officer with the City of Irvington, CHRISTOPHER BURRELL, individually and in his capacity as a police officer with the City of Irvington, JOHN DOES (1-20) individually and in their capacities as police officers with the City of Irvington,

      Defendants.

Civil Action No. 05-5323 (JAG)

**OPINION**

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of Defendants City of Irvington (the "City"), Irvington Police Department (the "PD"), Alfredo Aleman ("Aleman"), and Christopher Burrell ("Burrell") (collectively "Defendants"), to sever the trial of Plaintiffs Jaime Lopez ("Lopez"), Arnold Daniels ("Daniels"), Willie McKenzie ("McKenzie"), and Hilbert Gresham ("Gresham") (collectively "Plaintiffs"), pursuant to FED. R. CIV. P. 21. For the reasons set forth

below, Defendants' motion is denied.

## I. BACKGROUND

On November 4, 2005, Plaintiffs filed a Complaint alleging, inter alia, that the City of Irvington and the Irvington Police Department "fail[ed] to properly supervise and monitor [the] K-9 Unit [of the PD,] and in particular its officer Alfredo Aleman . . . . " (Compl. 3.) Plaintiffs argue that as a result of such failure, the City and PD "allow[ed] for a pattern and practice of conduct to exist whereby various suspected felons, while in custody and control of law enforcement officers[,]" were mauled, maimed, and disfigured by Bullet, a canine under Defendant Aleman's control. (Id. at 3-4.)

Specifically, Plaintiff Lopez claims that he was attacked by Defendant Aleman and Bullet. The parties agree that on or about May 2, 2004 Lopez was engaged in a burglary when Aleman apprehended and arrested him. (Final Pretrial Order 3, Dec. 20, 2007.) At the time of the arrest, Aleman "was the [c]anine handler[] of the K-9 Bullet."[1] (Id.) Lopez alleges, and Defendants dispute, that during the arrest Aleman kicked Lopez in the ribs, and held him down on the floor while Bullet "bit [Lopez] and tore flesh from his left arm." (Id. at 5.) Lopez also claims that Aleman ordered Bullet to "get" him. (Id.) Finally, Lopez claims that after he was handcuffed and placed in the back seat of a squad car, "Aleman released Bullet into the back seat with the doors closed[,] and watched as the dog tore into [Lopez's] body and left shoulder." (Id.)

Next, Plaintiff Daniels claims that he was attacked by Bullet on June 29, 2005. The parties agree that Daniels was arrested while "in the attic of an unoccupied house . . . for crimes

---

[1] The parties agree that on the dates of each of the alleged attacks, Defendant Aleman was the handler of Bullet. (Id. 3-4.)

associated with entry into the unoccupied house." (Id. at 4.) Daniels alleges, and Defendants dispute, that he followed the directions of the police officers involved in the arrest. (Id. at 5.) In addition, Daniels states that Defendant Aleman grabbed and threw him to the ground. (Id.) At this time, Daniels claims, that Bullet bit him. (Id.) Daniels also alleges that Aleman picked Daniels up, threw him against a wall, and held him down while instructing Bullet to "get" him. (Id.) It was at Aleman's command that Bullet "repeatedly bit [Daniels] legs." (Id.) Daniels claims that even after he was handcuffed, he continued to be bitten by Bullet. (Id.)

Plaintiff McKenzie alleges that he was also attacked by Bullet. The parties agree that "[o]n or about August 24, 2005, . . . [McKenzie] was observed exiting from a stolen vehicle and was pursued, apprehended and arrested by police with the assistance of K-9 Police Dog, Bullet." (Id. at 3.) McKenzie claims, and Defendants dispute, that after he was handcuffed, "Defendant[] Aleman released Bullet to attack [McKenzie] by biting and tearing at him." (Id. at 5.)

The next day, August 25, 2005, Plaintiff Gresham alleges that Bullet attacked him. The parties agree that "[o]n or about August 25, 2005, Plaintiff Gresham ran from police officers and was eventually caught, arrested by police with the assistance of K-9 Police Dog Bullet . . . . " (Id. at 4.) Gresham also argues, and Defendants dispute, that "[a]fter being handcuffed by police, Defendant[] Aleman released Bullet to attack [Gresham]. [Gresham] was bitten and ripped at by the dog." (Id. at 5.)

Defendants filed the instant motion to sever seeking to separate the trial of each Plaintiff. (See generally, Defs.' Mot. to Sever.) Defendants argue that Plaintiffs' claims should be severed because the claims "do not arise out of the same transaction or occurrence," (Defs.' Br. in Supp. of Mot. to Sever 4), and because "Defendants will be seriously prejudiced by the fact that each of

3

the plaintiff's [sic] will not be subject to sequestration thus restricting and otherwise harnessing efforts to prevent them from parroting each other's testimony," (id. at 3).

## II. STANDARD OF REVIEW

"A district court has broad discretion in deciding whether to sever a party pursuant to *Federal Rule of Civil Procedure 21*." Boyer v. Johnson Matthey, Inc., No. 02-8382, 2004 U.S. Dist. LEXIS 9802, *3 (E.D. Pa. Apr. 16, 2004) (citing Fanning v. Black & Decker, Inc., No. 98-6141, 1999 U.S. Dist. LEXIS 3407, *2 (E.D. Pa. Mar. 18, 1999)) (emphasis in original); see also DIRECTV, Inc. v. Gallagher, No. 03-2474, 2004 U.S. Dist. LEXIS 28010, *3 (D.N.J. Feb. 4, 2004). "*Rule 21* is 'most commonly invoked to sever parties improperly joined under *Rule 20*.'" Id. at *4 (emphasis in original). However, the Rule may also be invoked to prevent prejudice or promote judicial efficiency. Id. at *4 n.1; see also United States v. Nat'l R.R. Passenger Corp., No. 86-1094, 2004 U.S. Dist. LEXIS 10867, *20-21 (E.D. Pa. June 15, 2004) (citing Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (stating that Rule 21 also "may be used to organize problematic issues other than joinder problems.")) (internal citation omitted).

In order to determine whether plaintiffs have been misjoined, a court must decide whether "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or a series of transactions or occurrences[,] and [] any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1); see also DIRECTV, Inc., 2004 U.S. Dist. LEXIS 28010, at *3. "Both the same transaction(s) and the common question elements must be satisfied before joinder can be permitted." Boyer, 2004 U.S. Dist. LEXIS 9802, at *5 (quoting In re Orthopedic Bone Screw Prods. Liab. Litig., No.

MDL 1014, 1995 U.S. Dist. LEXIS 10138, *3 (E.D. Pa. July 17, 1995)).

"[C]ourts generally apply a case-by-case approach" when considering whether the facts of several claims constitute a single transaction or occurrence, or a series of transactions or occurrences. Id. at *5-6. "'Transaction' is a word of flexible meaning[, and] may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Id. at *6 (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). The second element, however, "does not require precise congruence of all factual and legal issues; indeed, joinder may be permissible if there is but one question of law or fact common to the parties." DIRECTV, Inc., 2004 U.S. Dist. LEXIS 28010, at *3-4 (quoting Morris v. Paul Revere Ins. Group, 986 F. Supp. 872, 885 (D.N.J. 1997)).

Once the court has resolved these threshold questions, it may then consider additional factors in determining whether to grant a motion to sever. These factors include:

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted.

Nat'l R.R. Passenger Corp., 2004 U.S. Dist. LEXIS 10867, at *22 (citing Official Comm. of Unsecured Creditors, 190 F.R.D. at 355 (quoting German v. Fed. Home Loan Mortgage, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995))).

### III. DISCUSSION

First, Defendants argue that Plaintiffs are misjoined because the "factual predicate surrounding each apprehensi[on] and arrest do not arise out of the same transaction or occurrence[, and the plaintiffs] were arrested on different days at different locations by different

officers." (Defs.' Br. in Supp. of Mot. to Sever 4.) Plaintiffs counter and argue that "[t]he actions of these four plaintiffs arise from a similar series of transactions or occurrences, and common questions of law and fact will arise in the trial of the action." (Pls.' Br. in Opp'n to Mot. to Sever 9.) This Court finds Plaintiffs' position more persuasive.

Plaintiffs claim that the City and PD "failed to properly supervise and monitor its K-9 Unit," and as a result of such failure, permitted a pattern or practice of excessive force to exist among the police officers of the K-9 unit. (Final Pretrial Order 14, Dec. 20, 2007.) Each Plaintiffs' example of excessive force is alleged to have resulted from this pattern or practice. (Compl. 4) (stating that "[s]uch actions were so significant and so similar in nature as to indicate such a pattern and practice of accepted conduct by defendant[] Aleman[,] including the handcuffing of such suspects prior to the K-9 dogs being let loose to maul, maim and disfigure the suspects."); see also Boyer, 2004 U.S. Dist. LEXIS 9802, at *6 ("Essentially, Plaintiffs allege that each specific discriminatory action described in the complaint stemmed from the same pattern or practice . . . . Thus, each discriminatory act should be considered part of the same transaction or occurrence."). "Other courts [within this circuit] have found the common transaction element met when the plaintiffs alleged that a pattern or practice of discrimination existed." Boyer, 2004 U.S. Dist. LEXIS 9802, at *7. This Court, therefore, finds that the allegations in the Complaint arise from the same transaction, occurrence, or series of transactions or occurrences.

Similarly, this Court finds that there exists a common question of law or fact. Although Plaintiffs allegedly suffered different incidents of force, by different police officers and at different times and locations, the allegation of a pattern or practice of excessive force is a

common question of fact central to each claim.  See also Boyer, 2004 U.S. Dist. LEXIS 9802, at *8 ("Though Plaintiffs allegedly suffered different incidents of discrimination, some occurring on different work shifts, at the hands of different supervisors, and at different times, the purported existence of a discriminatory pattern or practice is a common question of fact that Plaintiffs' claims share."); DIRECTV, Inc., 2004 U.S. Dist. LEXIS 28010, at *4 (stating that "joinder may be permissible if there is but one question of law or fact common to the parties.").

Second, Defendants argue that they will be seriously prejudiced if this Court does not sever Plaintiffs' claims.  (Defs.' Br. in Supp. of Mot. to Sever 3.)  However, Defendants do not offer any persuasive indication of prejudice.

When considering a motion to sever, a court may consider the following factors:

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted.

Nat'l R.R. Passenger Corp., 2004 U.S. Dist. LEXIS 10867, at *22 (citing Official Comm. of Unsecured Creditors, 190 F.R.D. at 355 (quoting German v. Fed. Home Loan Mortgage, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995))).  Applying these factors to the case sub judice, this Court finds that the factors weigh in favor of denying the motion.

The first factor, regarding the issues sought to be tried separately, has been discussed above.  Plaintiffs each allege that Defendants engaged in a pattern or practice of excessive force. (Final Pretrial Order 14-15, Dec. 20, 2007.)  Similarly, each Plaintiff alleges that the attacks by Bullet indicate that the City and PD failed to supervise the officers of the K-9 unit.  (Id. at 14.)

Next, and by Defendants' own admission, several witnesses are common to each

Plaintiffs' claim.  For example, Defendants Aleman and Burrell, and Sergeant Burghardt are witnesses to the allegations underlying Plaintiffs Lopez's and Gresham's claims.  (Id. at 2); (see also Defs.' Br. in Supp. of Mot. to Sever 1-2.)  Defendant Aleman and Sergeant Burghardt are also witnesses to Plaintiff Daniels' claims.  (Id.)  Officer Love is a witness to Plaintiffs Lopez's and Daniels' claims; and Defendants Aleman and Burrell are witnesses to Plaintiff McKenzie's claims.  (Id.)  Although there are other witnesses to each of the plaintiffs' claims, there is significant overlap.

Finally, this Court finds that Plaintiffs will be prejudiced if the motion is granted, while Defendants will not be prejudiced if the motion is denied.  Because Plaintiffs have alleged a pattern or practice of excessive force, they will need to provide the jury with sufficient evidence to meet their burden that a pattern or practice actually existed.  This will be difficult, if not impossible, if separate trials commence.  In addition, Defendants have offered no support for their allegation of prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the motion of Defendants City of Irvington, Irvington Police Department, Alfredo Aleman, and Christopher Burrell, to sever Plaintiffs Jaime Lopez, Arnold Daniels, Willie McKenzie, and Hilbert Gresham, pursuant to FED. R. CIV. P. 21, is denied.


Dated: February 27, 2008

                                S/Joseph A. Greenaway, Jr.
                                JOSEPH A. GREENAWAY, JR., U.S.D.J.